PER CURIAM:
Claimant brought this action for damage to his 1994 Ford Escort which occurred when he was traveling across a bridge on Parsons Branch Road in Wayne County and the vehicle struck a large drop off on the bridge. Respondent was responsible at all times herein for the maintenance of Parsons Branch Road. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on December 7, 2000, at 1:30 a.m., when claimant Craig Evans was on his way home from work in Fort Gay. The weather and road conditions were unremarkable and there was very little traffic at that time of night. Mr. Evans described Parsons Branch Road as a narrow, single-lane blacktop road. He normally does not take this route home so he had not driven this road during the previous few weeks. However, this route is a little shorter and that was the reason he decided to use it on this occasion. Mr. Evans stated that he was traveling thirty-five miles-per-hour. As he approached the small bridge at issue, he saw no warning signs and he proceeded across the bridge as he normally would. Suddenly, as he neared the end ofthe bridge, he felt a bump and heard a strange noise. He kept driving until he reached the top of a hill where the vehicle stalled out. This was approximately two-tenths of a mile from where the incident occurred. Fortunately, Mr. Evans was close to his home and he was able to walk there safely. The next morning he noticed that his vehicle’s oil pan was busted and that the engine was destroyed. Further, the front fender was bent and the front bumper was cracked. Claimant’s vehicle also sustained damage to a headlight assembly and a park lamp. Claimant submitted an estimate in the amount of $1,632.44 which represented the cost to have all damages repaired except for the engine. He testified that he had a new engine put in at a cost of $750.00. According to Mr. Evans, he had purchased the vehicle six months prior to this incident for $900.00. Claimant went back to the scene of the incident where he observed oil strung out on the road beginning at the drop-off and going up the road approximately fifty yards. He is certain that this was oil from his vehicle. Mr. Evans estimated the drop-off at the edge of the bridge to be approximately six inches. He also noted that respondent had been working on the bridge recently. He called respondent to report the incident and the condition of the bridge.
Claimant contends that respondent was negligent in its maintenance of the bridge and for failing to warn the traveling public of a hazardous condition.
Geoffrey Adkins, respondent’s storekeeper in Wayne County, testified that he is familiar with the portion of road at issue. He testified that he was not aware of any hazards on the Parsons Branch bridge prior to this incident. He found out about the claimant’s incident later in the day of December 7, 2000. He went to the scene and determined that repairs needed to be made immediately. He submitted into evidence a DOT-12 which indicates that a problem was found on the bridge. It also indicates the inventory and manpower used to make the repairs, which involved using a large dump truck to fill the drop-off with cold-mix for a safer transition. Mr. Adkins testified that another crew had been working on the bridge six or seven days prior to this incident. They had left the portion of the bridge where the surface of the bridge *180 starts to meet the road at least six inches too low. There should have been a smooth transition from the bridge back onto the ro ad. However, respondent’s employees had failed to fill in the wooden surface of the bridge with blacktop to make it level with the road. Finally, Mr. Adkins also stated that there were no warning signs, barrels, or cones in place to give oncoming traffic notice of the hazard.
The Court is of the opinion that respondent had notice of the drop-off between the bridge surface and the road. Claimant’s photographs admitted into the evidence for this claim clearly demonstrate the severity of this drop-off. Respondent had just made repairs to the bridge less than a week prior to this incident and yet this drop-off continued to be there. The Court has determined that respondent had a reasonable amount of time to take corrective actions, but failed to do so. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent knew or should have known that the condition of this bridge presented a very serious hazard to the traveling public. Thus, claimant may make a recovery for the damages to his vehicle.
The Court has reviewed the documents and claimant’s testimony regarding the damages to his vehicle. The damages exceed the value of the vehicle in this claim; therefore, the Court considers the value based upon the purchase price of the vehicle. In this instance, any recovery will be limited to the amount paid by claimant for the vehicle.
Accordingly, the Court makes an award in this claim in the amount of $900.00 which the Court has determined to be the fair and reasonable value of the vehicle at the time of the incident.
Award of $900.00.